UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON S. HARPER, | No. 2:22-cv-0738 AC P |
| Plaintiff, | |
| v. | ORDER |
| JASON COLLINS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

On April 29, 2022, defendants California Department of Corrections and Rehabilitation (CDCR) Office of Appeals, Allison, Sherman, Gipson, Mercado, Collins, Alford, Cisneros-Vasquez, Quinnonez, Armenta, Macias, Sanchez, Aguwa, Escobedo, Esparza, Morales, Dela Cruz, Williams, and Torres filed a notice of removal under 28 U.S.C. § 1441(a). ECF No. 1 at 1-3. The complaint alleges violations of plaintiff's rights under the First, Eighth, and Fourteenth Amendments. Id. at 5-26. Defendants have all consented to removal and assert that they were served on April 1, 2022. Id. at 1-2. The action was therefore removed within thirty days of service, as required under 28 U.S.C. § 1446(b).

Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

1

the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The federal venue statute also states that

> [a] civil action may be brought in
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Venue is therefore proper in this court both under the removal statute and because defendants CDCR Office of Appeals, Allison, and Gipson are located in Sacramento, which is located in the Sacramento Division of the United States District Court for the Eastern District of California. See L.R. 120(d). However, a district court may, on its own motion, "transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue." Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (citations omitted). In this case, such a transfer appears proper.

Defendants indicate in their notice of removal that venue is proper in the Fresno Division of this court, and the conduct alleged to have violated plaintiff's rights occurred almost exclusively at the California Substance Abuse Treatment Facility, which is also where the majority of defendants are employed and plaintiff is currently housed. ECF No. 1 at 2, 9-26. The California Substance Abuse Treatment Facility is located in Kings County, which is part of the Fresno Division of the United States District Court for the Eastern District of California. See L.R. 120(d). Furthermore, the CDCR Appeals Office is not a proper defendant, see Howlett v. Rose, 496 U.S. 356, 365 (1990) ("Will[ v. Mich. Dep't of State Police, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."); and the allegations against Allison and Gipson, as currently pled, are based solely on

their role as supervisors, see Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983." (citation omitted)).

It therefore appears likely that any potentially cognizable claims will lie against defendants located within Kings County and that this action should be transferred to the Fresno Division of this court. See 28 U.S.C. § 1404(a) ("a district court may transfer any civil action to any other district or division where it might have been brought"); L.R. 120(f) (the court may, on its own motion, transfer an action to another venue within the District for good cause). The parties will have an opportunity to show cause in writing why this case should not be transferred.

Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the service of this order, the parties may show cause in writing why this case should not be transferred to the United States District Court for the Eastern District of California sitting in Fresno. Any party that does not object to this case being transferred may file a notice consenting to the transfer.

DATED: May 2, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE